Bbeitel, J. (dissenting in part).
I would modify the judgment rendered to restrict the invalidation of chapter 503 of the Laws of 1971 only to the extent that it impairs contractual rights vested prior to the enactment of the statute on June 17, 1971. That is the date the statute became law by approval of the Governor in accordance with bill section 20 which for relevant purposes provided that the act would take effect immediately. After that date new entrants into the Retirement System acquired contractual rights subject to any statutes then outstanding, whether or not by the terms of the statutes they applied to current or future events. This subordinate issue is as simple *576 as that. It should not be confused by misusing the substantive language contained in the statute and treating that as ‘ ‘ effective date ’ ’ language, rather than bill section 20, which respondents would do. The April 1, 1972 date in the statute fixes as a substantive matter the date from which accumulated credits would no longer be includable in final annual salary. It is not “ the effective date ” of the statute in any sense. Since legislation is supreme unless unconstitutional, the court may not abrogate a power of ‘1 interpretation ’ ’ which patently frustrates the legislative intention. The financial impact of the difference may be trivial, the debasement of principle is not.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Gibson concur in Per Curiam opinion; Judge Breitel dissents in part and votes to modify in a separate opinion in which Judge Jasen concurs.
Judgment affirmed.